# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **DONALD M. LAWS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:04CV11 LMB** |
| | ) | |
| **JO ANNE BARNHART,** | ) | |
| **Commissioner of Social Security** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Several matters are currently pending before the court. Defendant has filed a Motion to Alter or Amend this court's order dated May 17, 2005 granting plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). (Document Number 18). Plaintiff has filed a Response. (Doc. No. 24). Also pending is plaintiff's Motion to Approve Attorney's Fee (Doc. No. 20), to which defendant has filed a Response (Doc. No. 22). Finally, plaintiff has filed an Amended Motion to Approve Attorney's Fees. (Doc. No. 23). With respect to this motion, defendant has filed a Response. (Doc. No. 25).

On May 17, 2005, the court awarded $6,443.09 to plaintiff for attorney's fees, expenses, and filing costs. (Doc. No. 17). Defendant requested that the court direct that the award of plaintiff's filing costs be paid from the Judgment Fund administered by the Department of the Treasury. The undersigned, however, found that the award of filing costs under the EAJA was proper and declined to specify that the costs should be paid from the Judgment Fund. In her motion to alter or amend, defendant requests that the court alter or amend its order to reflect that plaintiff's filing fee should be separately paid from the Judgment Fund. In his response, plaintiff states that he has no objection

to defendant's motion to alter or amend. Plaintiff further informs the court that on June 10, 2005, he received a check from the Department of the Treasury in the amount of $150.00 for payment of the filing fee. Being so advised, the court will deny defendant's motion to alter or amend as moot.

In his Motion to Approve Attorney's Fee, plaintiff, by counsel, requests $11,593.50 in attorney's fees. Plaintiff states that he and his counsel contractually agreed that counsel would receive 25 percent of all past-due benefits awarded to plaintiff. Plaintiff has provided an itemization of services performed, which shows 87.10 hours of work in this case. Plaintiff states that he was awarded $71,614.20 in past-due benefits. Plaintiff further states that the Commissioner has withheld $17,593.00 of the retroactive benefits, which represents 25 percent of the past-due benefits awarded to plaintiff. Plaintiff asserts that he was previously awarded $6,000.00 under the EAJA. Plaintiff thus requests that the court issue an order directing the Commissioner to pay the sum of $11,593.50, which represents the remainder of the attorney fee. Defendant filed a response, in which she argues that plaintiff's counsel must refund to plaintiff the previously awarded $6,000.00 EAJA fee. Defendant further requests that the court award a reasonable attorney's fee for the work expended on plaintiff's behalf.

Plaintiff filed an Amended Motion to Approve Attorney's Fees on September 21, 2005. In this motion, plaintiff informs the court that since the filing of his Motion to Approve Attorney's Fees, plaintiff has received a check for the past-due benefits of his two minor children in the amount of $18,495.00 each, for a total of $36,990.00. Plaintiff states that, including the benefits awarded to the minor children, plaintiff has been awarded $71,614.20 in past-due benefits. Plaintiff thus requests $27,151.05, which represents 25 percent of the total past-due benefits. Plaintiff asserts that when divided by the 87.10 hours he has expended on this matter, his requested fee equals $311.72 per hour,

an amount that has been held to be reasonable. Plaintiff states that he will refund to the claimant the lesser of the attorney's fees award or the EAJA award.

As further support for his request, plaintiff states that he contacted his counsel after receiving a denial of benefits at the administrative level. Plaintiff states that he indicated to counsel that he had searched throughout southeast Missouri and was unable to find any attorney that would assist him in pursuing his claim. Plaintiff represents that due to the impending filing deadline, counsel was required to devote "sustained and immediate attention" to the plaintiff's case and forego additional business available to counsel.

In her response, defendant again requests that the court weigh the amount of fee requested and award a reasonable fee. Defendant, however, notes that the large increase in plaintiff's requested fee appears less reasonable. Defendant also points out that plaintiff previously agreed to significantly reduce the amount of his requested EAJA fee from $13,500.50 to $6,000.00, based upon the same number of claimed hours.

Attorney's fees for representing individuals in social security cases are governed by 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings, while Section 406(b) controls fees for representation in federal district court. For proceedings in court, the Act provides for fees in the event of a "judgment favorable to a claimant." 42 U.S.C. § 406(b)(1)(A). A court may allow "a reasonable fee...not in excess of 25 percent of the ...past due benefits" awarded to the claimant. Id.

In Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), the United States Supreme Court held that the provision of the Act limiting attorney fees to 25 percent of past-due benefits does not displace contingent-fee agreements that are within such statutory ceiling. The Court further found that Section 406(b) calls for courts to review for reasonableness fees yielded by

those agreements. Gisbrecht, 535 U.S. at 809, 122 S.Ct. at 1829. In determining whether a fee sought under Section 406(b) is reasonable, the court should look first to the contingent fee agreement and should then consider the character of the attorney's representation and the results achieved. Id. at 808, 122 S.Ct. at 1828. The court may also consider the hours the attorney spent representing the claimant before the court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the court's determination of the requested fee's overall reasonableness. Id. at 808-09, 122 S.Ct. at 1828-29.

In this case, defendant contends that the large increase in plaintiff's requested fee due to the award of past-due benefits to plaintiff's children renders plaintiff's fee request unreasonable. Past-due benefits awarded to dependent members of a claimant's family, however, are properly included in the calculation of total past-due benefits for purposes of Section 406(b). See Hopkins v. Cohen, 390 U.S. 530, 88 S.Ct. 1146, 20 L.Ed.2d 87. Courts applying Gisbrecht have found requested fees similar to that requested by plaintiff to be reasonable. See Mitchell v. Barnhart, 376 F. Supp.2d 916, 923 (S.D. Iowa 2005) ($7,293.50 fee, amounting to $327.80 per hour reasonable); Yarnevic v. Apfel, 359 F. Supp.2d 1363, 1365 (N.D. Ga. 2005) ($21,057.75 fee, $643.00 per hour); Kopulos v. Barnhart, 318 F. Supp.2d 657, 668-69 (N.D. Ill. 2004) ($21,151.00 fee reasonable); Roark v. Barnhart, 221 F. Supp.2d 1020, 1026 (W.D. Mo. 2002) ($2,729.78 fee, $338.29 per hour).

Plaintiff's counsel has represented plaintiff in this matter since January 2004 and successfully obtained significant past-due benefits for plaintiff in July 2005. There is no evidence that counsel delayed the proceedings in this case or otherwise acted in bad faith. Plaintiff entered into an agreement with his counsel whereby counsel would receive 25 percent of any past-due benefits awarded should plaintiff prevail on his claim. Plaintiff thereby transferred the risk of loss to his counsel, while allowing plaintiff the opportunity to pursue his claim. As such, the undersigned finds

plaintiff's requested fee of $27,151.05, which represents 25 percent of the total past-due benefits awarded plaintiff, reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Alter or Amend (Doc. No. 18) be **denied as moot**.

**IT IS FURTHER ORDERED** that plaintiff's Amended Motion to Approve Attorney's Fees (Doc. No. 23) be and it is **granted**.

**IT IS FURTHER ORDERED** that plaintiff is awarded attorney's fees under the Social Security Act in the amount of $27,151.05.

**IT IS FURTHER ORDERED** that plaintiff's counsel shall refund to plaintiff the $6,000.00 fee previously awarded under the Equal Access to Justice Act.

Dated this __28th__ day of November, 2005.

_Lewis M. Blanton_

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE